## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES M. KING et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No. CIV-25-713-G |
| | ) |
| OPENLY, LLC d/b/a OPENLY | ) |
| INSURANCE SERVICES, LLC et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiffs James M. King and Amy King's Motion to Remand (Doc. No. 12). Defendants Openly, LLC and Rock Ridge Insurance Company (collectively, the "Carrier Defendants") have responded (Doc. No. 13) and Plaintiffs have replied (Doc. No. 15).

### I. Background

Plaintiffs initially filed this action in the District Court of Oklahoma County, Oklahoma, on April 30, 2025. *See* Pet. (Doc. No. 1-3). Plaintiffs challenge the Carrier Defendants' denial of an insurance claim submitted for wind and hail damage to Plaintiffs' property in Tulsa, Oklahoma. *See id.* ¶¶ 10, 20, 21, 22.

Plaintiffs' claims are premised on an alleged "bad faith pattern and practice" pursuant to which the Carrier Defendants "wrongfully deny valid storm damage roof claims." *See id.* ¶¶ 19, 20; Pls.' Mot. Remand at 11. According to Plaintiffs, the bad faith practice begins with the agent, in this case Defendant Eagle National Insurance Group, Inc. ("Eagle National"), who procures and renews a replacement cost home insurance policy

for the insured, calculates the replacement cost value, and serves as the "first line of underwriting." Pet. ¶¶ 6, 54, 55, 66. In doing so, the agent "expressly and/or inherently" represents that the roof meets the Carrier Defendants' underwriting guidelines and is eligible for the coverage sought. *Id.* ¶¶ 21(b), 60, 62, 66(d).

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, the Carrier Defendants deny the claim based on a variety of bad faith claims handling tactics. Pet. ¶¶ 19, 21, 22; Pls.' Mot. Remand at 11, 21. Agents allegedly know of this bad faith practice and fail to disclose it to customers, despite having a legal duty to do so. Pet. ¶¶ 57, 82.

Plaintiffs assert the following claims:

- breach of contract and breach of the duty of good faith and fair dealing against Defendant Rock Ridge Insurance Company (*see id.* ¶¶ 27-42);
- breach of the duty of good faith and fair dealing against Defendant Openly, LLC (*see id.* ¶¶ 43-52);
- negligent procurement of insurance against agent Defendant Eagle National (*see id.* ¶¶ 53-75); and
- constructive fraud/negligent misrepresentation against all Defendants (*see id.* ¶¶ 76-88).

The Carrier Defendants removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 2. Plaintiffs then filed the instant Motion to Remand, alleging that the Carrier Defendants

have not met their burden of establishing fraudulent joinder.[1]

## II.    Relevant Standards

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here.

---

[1] Plaintiffs also challenge the June 26, 2025 removal as untimely based on the May 13, 2025 receipt of process by the Oklahoma Insurance Commissioner for forwarding to the Carrier Defendants. *See* Pls.' Mot. Remand at 12-13; 28 U.S.C. § 1446(b); Okla. Stat. tit. 36, § 622. Where service is required to be made on a statutory agent, however, the 30-day § 1446(b) removal period does not begin until the defendant itself receives the process after such service is made. *See Brown v. Rock Ridge Ins. Co.*, No. 24-CV-771-D, 2024 WL 4492054, at *2-3 (W.D. Okla. Oct. 15, 2024). Because the Carrier Defendants did not receive the summons and Petition until June 2, 2025, the removal was timely. *See id.*; Defs.' Resp. at 1-5; Def.'s Receipt of Serv. (Doc. No. 1-13).

*See* Pet. at 34.  It is further undisputed that Plaintiffs and Defendant Eagle National are citizens of Oklahoma for diversity purposes and that the Carrier Defendants are non-Oklahoma citizens for diversity purposes.  *See id.* ¶¶ 1-3, 6.  Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiffs seek remand of this case to state court.  *See* Pls.' Mot. to Remand at 8-9; 28 U.S.C. § 1447(c).  The Carrier Defendants assert that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant Eagle National, a nondiverse defendant, as a means to defeat removal.  *See* Notice of Removal (Doc. No. 1) at 3; Defs.' Resp. at 6-13.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* (alteration and internal quotation marks omitted).  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."  *Id.* (internal quotation marks omitted).

III.    *Discussion*

A.  *Plaintiffs' Ability to Establish a Claim Against Defendant Eagle National*

The Carrier Defendants contend that fraudulent joinder is shown by Plaintiffs' inability to establish a viable cause of action against non-diverse defendant Eagle National.

In evaluating the Carrier Defendants' assertion of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" this defendant. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted).  The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)).  "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]"  *Smoot*, 378 F.2d at 882 (internal quotation marks omitted).  "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs assert two claims against Defendant Eagle National: (1) negligent procurement of insurance; and (2) constructive fraud/negligent misrepresentation. *See* Pet. ¶¶ 53-88.

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999).  "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally."

5

*Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). "To discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds.'' *Id.* (emphasis omitted).

An insurance agent is liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269. Further "an agent may by its representations or conduct, assume duties beyond those inherently tied to its role as agent." *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3 (W.D. Okla. Aug. 7, 2023).

Plaintiffs requested a "replacement cost policy that would provide coverage for the Insured Property in the event of a loss." Pet. ¶ 66(a). Plaintiffs contend that the policy they received amounted to "illusory coverage" that "deviat[ed] substantially and materially" from what was requested. *Id*. ¶ 71. Plaintiffs further assert that the Carrier Defendants relied on "pre-existing damage" to wrongfully deny coverage and that this denial was inconsistent with the agent's representations during procurement. *Id*. ¶ 22. Additionally, Plaintiffs allege that Defendant Eagle National had a duty to "perform a reasonable inspection of the Insured Property prior to procuring the replacement cost coverage and thereafter upon renewal to ensure no changes to the Policy were necessary or required." *Id*. ¶ 70.

In prior cases judges of this Court have denied remand where the defendants demonstrated the lack of viability of similar claims against the agent by producing the policy itself, showing that the policy requested was in fact the policy received, that the

6

policy covered the type of loss claimed, and that its terms imposed no duty on the agent to inspect or undertake additional underwriting obligations. *See*, e.g., *Hall v. State Farm Fire & Cas. Co.*, No. CV 25-00012-JD, 2025 WL 2905205 at *5-6 (W.D. Okla. Oct. 13, 2025); *Weichbrodt v. State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819 at *2 (W.D. Okla. July 2, 2025); *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488 at *2-3 (W.D. Okla. Apr. 8, 2014). Here, by contrast, the Carrier Defendants have not produced the policy and instead rely on factual assertions in their briefing to dispute Plaintiffs' allegations. *See* Notice of Removal at 3-6; Defs.' Resp. at 6-13. Without the policy or other evidence of record that would foreclose Plaintiffs' position, factual questions remain as to whether the agent procured the policy as promised and whether any duties were owed by the agent and not performed.

Given that all such factual and legal issues must be resolved in favor of Plaintiffs, the Court finds that the Carrier Defendants have not met their heavy burden to show with "complete certainty" that Plaintiffs cannot state a negligent procurement claim against Defendant Eagle National in state court. *Smoot*, 378 F.2d at 882; *see Dutcher*, 733 F.3d at 988; *Swickey*, 979 P.2d at 269; *Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189, 1194-95 (W.D. Okla. 2022) (remanding where the dispositive issue was the insurance agent's role in allegedly negligent underwriting); *Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. 2025) (remanding case where the plaintiffs alleged that "State Farm's denial was contrary to the [agent's] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"). Plaintiffs have a "possibly viable"

7

claim that, by Defendant Eagle National's fault, "insurance [was] not procured as promised and [Plaintiffs] suffer[ed] a loss." *Montano*, 2000 WL 525592, at *2; *Swickey*, 979 P.2d at 269.

### B. Summary

Accordingly, the Court may not disregard the citizenship of Defendant Eagle National Insurance Group, Inc. in assessing whether diversity jurisdiction exists under 28 U.S.C. § 1332(a). The Court concludes that there is not complete diversity of citizenship as required to establish jurisdiction under § 1332(a) and that remand is therefore required. *See* 28 U.S.C. § 1447(c).

### CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (Doc. No. 12) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge

8